■ North Fork Bank & Trust Company, Appellant, v Thomason Industries Corporation et al., Respondents. [599 NYS2d 835] —In an action to recover on three promissory notes and written guarantees of payment, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 19, 1991, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the plaintiff's motion is granted, the plaintiff is granted summary judgment as to liability, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, including a hearing and determination as to attorneys' fees and a determination as to late charges, and entry of judgment in favor of the plaintiffs (1) against all the defendants in the principal sum of $2,475,000, plus interest from December 1, 1989, late charges, and attorneys' fees, (2) against all the defendants in the principal sum of $338,302.31, plus interest from December 1, 1989, late charges, and attorneys' fees, and (3) against Martin Stecklow, and William Stecklow in the principal sum of $78,594.79 plus interest from March 20, 1990, late charges, and attorneys' fees.

The plaintiff bank commenced the instant action after it failed to receive payments due on three promissory notes. Two of the notes were executed by Thomason Industries Corporation (hereinafter Thomason Industries) and were guaranteed by the individual defendants. The third note was executed by William Stecklow and Martin Stecklow. The defendants Thomason Industries, William Stecklow and Martin Stecklow concede that they failed to make the required payments under the notes. However, despite the defendants' admission, the Supreme Court denied the plaintiff's motion for summary judgment upon its determination that issues of fact existed which precluded summary judgment.

In opposition to the plaintiff's motion for summary judgment the defendants failed to raise any valid defenses on behalf of Thomason Industries. Therefore, since the promissory notes executed by Thomason Industries provide the plaintiff bank with the right to accelerate the due date of the notes upon Thomason Industries's failure to make the required payments under the notes, the plaintiff was entitled to summary judgment against Thomason Industries (see, CPLR 3212 [b]).

Moreover, contrary to the defendants' contentions, the promissory note executed by William Stecklow and Martin Stecklow provided the plaintiff bank with the right to accelerate the due date of that note upon the Stecklows's failure to make the monthly payments required under the note. Therefore, since the defendants failed to raise any other defense with respect to this note, the plaintiff was entitled to summary judgment against William and Martin Stecklow on the note.

Additionally, the defendants failed to raise an issue of fact sufficient to defeat the plaintiff's motion for summary judgment with respect to the defendant guarantors. The defendants' contention that the guarantees were ambiguous as to whether the plaintiff was required to liquidate the collateral prior to enforcing the guarantees is without merit. The guarantees clearly state that, upon default, the guarantors' liabilities shall become "immediately due and payable". Further, contrary to the defendants' contention, the provision of the guarantees, which provides that the plaintiff bank may liquidate the collateral in addition to declaring the guarantors' liabilities immediately due, only gave the plaintiff bank the option to liquidate the collateral and did not create a condition precedent to the plaintiff's action to enforce the guarantees. Therefore, since the language of the guarantees with

respect to the plaintiff's options upon default is unequivocal, evidence of the intentions of the guarantors may not be considered (see, 22 NY Jur 2d, Contracts, § 188, at 23).

Further, the defendants erroneously contend that the plaintiff bank's release of certain guarantors created an issue of fact as to whether the release also discharged the defendant guarantors' liability. In its written release of the co-guarantors, the plaintiff bank reserved its rights against the defendant guarantors. Thus, the release did not discharge the defendant guarantors' liability or reduce their obligations (see, General Obligations Law § 15-104).

Finally, the defendants' allegation that the guarantees were unconscionable is legally insufficient to defeat the plaintiff's motion for summary judgment. Unconscionability is a flexible doctrine, which requires some showing of "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (Williams v Walker-Thomas Furniture Co., 350 F2d 445, 449; Matter of State of New York v Avco Fin. Serv., 50 NY2d 383, 389). The affidavits submitted by the defendants contain no proof in evidentiary form to substantiate such claims. Bracken, J. P., Balletta, Eiber and Ritter, JJ., concur.